IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| PETER GAKUBA, #M52946, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 19-cv-01081-SMY |
| ROB JEFFREYS, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge**:

This matter is before the Court on Plaintiff's Motion for Preliminary Injunction (Doc. 4) and Motion for Court Ordered Prison Transfer (Doc. 54). A hearing was held on the Motion for Preliminary Injunction on February 24, 2020. Plaintiff appear by video conference from Vienna Correctional Center ("Vienna") and Defendant appeared by Counsel.

### BACKGROUND

Plaintiff Peter Gakuba, an inmate of the Illinois Department of Corrections ("IDOC"), filed the instant case pursuant to 42 U.S.C. § 1983, asserting claims for retaliation, interference with access to courts, deliberate indifference to serious medical needs, and violations of his rights under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"). (Doc. 1). Following review of the Complaint pursuant to 28 U.S.C. § 1915A, he was allowed to proceed on an ADA/RA claim; the remaining claims were either severed or dismissed.

Gakuba makes the following allegations with respect to the ADA/RA claim: Gakuba was transferred to Vienna on September 4, 2019. Vienna lacks air-conditioning and Gakuba has a susceptibility to heat strokes due to periocular face nevus. Gakuba also has a debilitating back

injury which causes him pain and requires a bottom bunk permit, spring bunk, and bed pad, but he has not been provided with these since arriving at Vienna. Vienna's legal property boxes are held two blocks away from the prison in a property warehouse and Gakuba is unable to access his documents due to his back injury.

Gakuba filed a Motion for Temporary Restraining Order (TRO) and Preliminary Injunction with his Complaint. (Doc. 4). In the Motion, Gakuba alleges that he has autism, Asperger's syndrome, history of heat strokes, disabling/debilitating back injury resulting in a permanent bottom bunk permit, facial periocular nevus skin disease that heat triggers, vision impairment, and migraines. (Doc. 4, pp. 1-2). He alleges he was previously incarcerated at Robinson which has air conditioning, spring beds and bed pads, and accommodated his alleged disabilities. (*Id.*, p. 2). He further alleges that at Vienna he has suffered heat strokes and heat exhaustion. (*Id.*, p. 3). He seeks a preliminary injunction requiring his transfer to a prison that meets his alleged disability and health needs. (*Id.*, p. 4). The Court denied the request for TRO (Doc. 9) and later ordered Defendant to file a response to the motion for preliminary injunction. (Doc. 16, p. 12).

After the Motion for Preliminary Injunction was scheduled for hearing, Gakuba filed a "Motion for Court Ordered Prison Transfer" in which he seeks a transfer from Vienna to Robinson and states that his healthcare, access to the courts, and dietary needs have been and will be irreparably harmed.[1] (Doc. 54).

**LEGAL STANDARD**

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be

---

[1] Gakuba filed identical motions in 19-cv-1273-NJR, a case filed in this District in which he claims Vienna officials have refused his request to provide him with a no-seafood diet, and in 19-1274-NJR, a case also filed in this District in which he asserts access to court claims. In 19-1273, the motions were denied in 19-1273-NJR on March 11, 2020 (Doc. 50) and in 19-1274-NJR on January 28, 2020 (Doc. 26).

a "clear showing" that a plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A C. Wright, A. Miller, M. Kane, Federal Practice and Procedure § 2948 pp. 129-130 (2d ed. 1995)). And, mandatory injunctions – those requiring an affirmative act by the defendant – are "cautiously viewed and sparingly issued" because they require the court to command a defendant to take a particular action. *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997).

"[T]he party seeking a preliminary injunction must make a threshold showing that: (1) absent preliminary injunctive relief, he will suffer irreparable harm in the interim prior to a final resolution; (2) there is no adequate remedy at law; and (3) he has a reasonable likelihood of success on the merits." *Turnell v. CentiMark Corp.*, 796 F.3d 656, 661-662 (7th Cir. 2015). If the threshold is met, the court must consider the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest. *Id.* at 662. "The court weighs the balance of potential harms on a "sliding scale" against the movant's likelihood of success: the more likely he is to win, the less the balance of harms must weigh in his favor; the less likely he is to win, the more it must weigh in his favor." *Id*.

### DISCUSSION

As fully explained on the record during the February 24, 2020 hearing, Gakuba is not entitled to a preliminary injunction because he cannot establish a likelihood of success on his claim. The Court recognizes that "the threshold for establishing a likelihood of success is low," *Michigan v. U.S. Army Corps of Engineers*, 667 F.3d 765, 782 (7th Cir. 2011), and requires only a "better than negligible" chance of succeeding on the merits, *Valencia v. City of Springfield, Illinois*, 883 F.3d 959, 966 (7th Cir. 2018). However, a prisoner plaintiff has no likelihood of success on his claim if he failed to exhaust administrative remedies prior to filing suit. *See Thompson v. Illinois*

*Dep't of Corr.*, No. 3:15-CV-850-NJR-DGW, 2016 WL 5341198, at *3 (S.D. Ill. Sept. 23, 2016); *Hampton v. Baldwin*, No. 3:18-cv-550-NJR-RJD, 2018 WL 5830730, at *7 (S.D. Ill. November 7, 2018). That is because exhaustion of available administrative remedies is a precondition to suit. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 534-535 (7th Cir. 1999). Thus, a plaintiff may not file an action and seek relief, injunctive or otherwise, unless he has exhausted his administrative remedies. No futility, sham, or substantial compliance exception exists to this requirement. *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000).

As an IDOC inmate, Gakuba was required to follow the grievance process outlined in the Illinois Administrative Code to exhaust his claims. 20 ILL. ADMIN. CODE § 504.800, *et seq*. (2017). Those regulations require an inmate to file his or her grievance with his or her counselor within 60 days of the discovery of an incident, occurrence, or problem that gave rise to the grievance. 20 ILL. ADMIN. CODE § 504.810(a). If the counselor is unable to resolve the grievance, it is sent to the grievance officer, who reports his or her findings and recommendations in writing to the Chief Administrative Officer (CAO). 20 ILL. ADMIN. CODE § 504.830(e). The CAO then provides the inmate with a written decision on the grievance. *Id.* If the inmate is not satisfied with the CAO's decision, he or she has 30 days to appeal to the Director of IDOC by sending the grievance to the Administrative Review Board ("ARB"). 20 ILL. ADMIN. CODE § 504.850(a). The ARB submits a written report of its findings and recommendations to the Director, who then makes a final determination. 20 ILL. ADMIN. CODE § 504.850(d), (e).

An inmate may request a grievance be handled on an emergency basis by forwarding the grievance directly to the CAO. 20 ILL. ADMIN. CODE § 504.840. If the CAO denies expedited review of the grievance, the inmate must resubmit the grievance as non-emergent in accordance with the standard grievance process in order to exhaust his administrative remedies. 20 ILL.

ADMIN. CODE § 504.840(c); *see also Smith v. Asselmeier*, 762 F.App'x 342 (7th Cir. 2019) (unpublished opinion) (finding resubmission of a grievance deemed not an emergency through the normal grievance process is an available remedy that must be exhausted before filing suit). An inmate "who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002).

Here, it is clear from the record that Gakuba did not exhaust his administrative remedies prior to filing this case. Gakuba was transferred to Vienna on September 4, 2019 (Doc. 4, p. 2). He submitted emergency grievances on September 5, 2019 and September 9, 2019. (Doc. 4, p. 3). The CAO denied expedited review of the emergency grievances on September 11, 2019. (*Id.*). Gakuba resubmitted the grievances for review on September 16, 2019. (*Id.*). He filed his Complaint and Motion for Preliminary Injunction on October 4, 2019. (Docs. 1, 4). In the Motion, Gakuba states that he expects the grievances "will plod thru the IDOC grievance process before ultimately being denied on some unintelligible basis. The process usually takes 6-12 months; necessitating court action." (*Id.*). Gakuba also filed grievance documents with his reply brief which indisputably establish that he did not exhaust his administrative remedies prior to filing suit. (Doc. 41).[2]

For the foregoing reasons, Gakuba has no likelihood of success on his claim, and his motions for preliminary injunction (Docs. 4, 54) are **DENIED**.

---

[2] The documents include the ARB response to his appeal of the September 5, 2019 grievance regarding "ADA, transfer, facility placement." (Doc. 41-1, p. 2). After the September 11, 2019 denial of emergency review of that grievance, he received a counselor response, a grievance officer response dated October 22, 2019, and the CAO's decision dated October 23, 2019. (*Id.*, pp. 3-4). The appeal was received by the ARB on November 1, 2019 and the ARB responded on November 6, 2019. (*Id.*, pp. 2-4). Gakuba also submitted a copy of his September 9, 2019 grievance, which shows a counselor response, a grievance officer response dated October 22, 2019, and the CAO's decision dated October 23, 2019. (Doc. 41-1, pp. 7-8). The grievance was received by the ARB on November 1, 2019. (*Id.*).

**IT IS SO ORDERED.**

**DATED:  March 16, 2020**

                                          *s/ Staci M. Yandle*_____
                                          **STACI M. YANDLE**
                                          **United States District Judge**