# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PETER GAKUBA, #M52946, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 19-cv-01081-SMY |
| ROB JEFFREYS, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge**:

This matter is before the Court on Plaintiff's Motion for Judgment on the Pleadings (Doc. 70), Motion for Summary Judgment (Doc. 71), Motion for Equitable Relief (Doc. 72), and Motion for Reconsideration (Doc. 73). The pleadings are identical and supported by the same exhibits, but identified as different types of motions. Plaintiff seeks the same relief he requested in his previous motions for preliminary injunction (Doc. 4, 54) that were denied in the Court's Order entered on March 16, 2020 (Doc. 90).

## Background

Plaintiff was transferred to Vienna Correctional Center on September 4, 2019. Vienna lacks air-conditioning and Plaintiff claims to have a susceptibility to heat strokes due to periocular face nevus. He also claims to have a debilitating back injury which causes him pain and requires a bottom bunk permit, spring bunk, and bed pad, and alleges he has not been provided with these since arriving at Vienna. Finally, he claims his back injury makes his legal documents, which are held two blocks away from the prison in a property warehouse, inaccessible. He seeks a preliminary and permanent injunction requiring his transfer to a prison that meets his alleged

disability and health needs.

On February 24, 2020 the Court held a hearing on Plaintiff's motions for preliminary injunction. (Doc. 62). As fully explained on the record during the hearing, and in the Court's Order entered on March 16, 2020, the Court concluded Plaintiff was not entitled to a preliminary injunction because he cannot establish a likelihood of success on his claim. (Doc. 90). Particularly, it was clear from Plaintiff's pleadings and the documents he submitted with his motions that he did not exhaust his administrative remedies prior to filing this case. Because a plaintiff may not file an action and seek relief, injunctive or otherwise, unless he has exhausted his administrative remedies, the motions for preliminary injunction were denied.

## Motion for Reconsideration

Plaintiff seeks reconsideration of the Order denying his motions for preliminary injunction. He argues there is additional documentation that shows he exhausted his administrative remedies as of September 30, 2019, before he filed this action. (Doc. 73). He submits a response to his September 5, 2019 grievance from the Administrative Review Board dated September 30, 2019. (*Id.*, p. 10). But that document shows that Plaintiff had not exhausted his administrative remedies at that time because he had not fully complied with grievance procedures.

In the September 30, 2019 response, the ARB requested additional information for the September 5, 2019 grievance including the responses of the counselor, grievance officer, and Chief Administrative Officer. (*Id.*). A prisoner may appeal to the ARB only after receiving the CAO's final decision and must attach copies of the grievance officer's report and the CAO's decision. 20 ILL. ADM. CODE 504.850. After the September 5, 2019 grievance was denied emergency review on September 11, 2019, it was submitted through the standard grievance procedure as required. Thereafter, Plaintiff received a counselor response, a grievance officer response dated October 22,

2019, and the CAO's decision dated October 23, 2019. As such, the September 5, 2019 grievance could not have been properly appealed to the ARB until after the CAO's decision on October 23, 2019. Notwithstanding Plaintiff's assertions, he did not complete each step of the grievance process prior to filing this case on October 4, 2019. Merely writing to the ARB about a grievance and receiving a response is insufficient to exhaust his administrative remedies. A prisoner must properly and timely take each step within the grievance process to exhaust administrative remedies. *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002).

There is no manifest error of fact or law in the Court's March 16, 2020 Order denying Plaintiff's motions for preliminary injunction and, therefore, the Motion for Reconsideration (Doc. 73) will be denied.

## Motion for Equitable Relief

Plaintiff has filed a third motion seeking a preliminary injunction based on the same allegations made in his prior motions. As explained in the Court's March 16, 2020 Order and herein, Plaintiff is not entitled to a preliminary injunction because he cannot establish a likelihood of success on his claim – he did not exhaust his administrative remedies prior to filing this action. Therefore, the Motion for Equitable Relief (Doc. 72) will be denied.

## Motion for Judgment on the Pleadings and Motion for Summary Judgment

In these motions, Plaintiff seeks a determination of his claim on the merits. The motions are premature.[1] Because Defendant pled exhaustion as an affirmative defense and has filed a motion for summary judgment on the issue of exhaustion, that issue must be resolved before the

---

[1] Further, Defendant's Answer disputes material facts pled in the Complaint and, therefore, Plaintiff would not be entitled to judgment on the pleadings under Rule 12 (c). Judgment on the pleadings is appropriate after the pleadings have closed only if there is no dispute of material fact and one party is clearly entitled to judgment. *Flora v. Home Federal Sav. And Loan Ass'n*, 685 F2d 209 (7th Cir. 1982).

merits of the case may be addressed. Accordingly, the motions (Docs. 70, 71) will be denied.

## **Disposition**

For the reasons stated, Plaintiff's Motion for Judgment on the Pleadings (Doc. 70), Motion for Summary Judgment (Doc. 71), Motion for Equitable Relief (Doc. 72), and Motion for Reconsideration (Doc. 73) are **DENIED**.

**IT IS SO ORDERED.**

**DATED: April 9, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**