### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

PETER GAKUBA, #M52946,                      )
                                            )
    **Plaintiff,**      )
                                            )
vs.                                         )   **Case No. 19-cv-01081-SMY**
                                            )
ROB JEFFREYS,                               )
                                            )
    **Defendant.**       )

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on Plaintiff Peter Gakuba's motion for leave to proceed *in forma pauperis* ("IFP") on appeal (Doc. 99). When deciding a motion to appeal IFP, the Court must determine whether the appeal is taken in good faith. An appeal is taken in good faith if "… a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000); *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). The Court has examined Plaintiff's motion to proceed IFP on appeal (Doc. 99) and Notice of Appeal (Docs. 98, 100) and concludes that the appeal is not taken in good faith.

Plaintiff states he is appealing the Court's Order granting summary judgment for failure to exhaust administrative remedies and dismissing this lawsuit. However, Defendant's motion for summary judgment on the issue of exhaustion of administrative remedies is still pending and this lawsuit has not been dismissed.

Additionally, Plaintiff asserts he is appealing the Court's March 16, 2020 Order denying his motions for preliminary injunction. The Court denied his motion because he could not establish a likelihood of success on his claim in that he had not exhausted his administrative remedies prior to filing this action. (Doc. 90). Plaintiff's pleadings and the documents he submitted with his

motions requesting equitable relief clearly established his failure to exhaust his administrative remedies. (*Id.*). Additional documents submitted with his motion for reconsideration of the denial of his request for equitable relief only further evidence his failure to exhaust administrative remedies. (Doc. 107). Exhaustion of available administrative remedies is a precondition to suit. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 534-535 (7th Cir. 1999). For the foregoing reasons, the Court finds there is no basis in fact or law to support Plaintiff's appeal and, therefore, it is frivolous.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to appeal *in forma pauperis* (Doc. 99) is **DENIED**. Plaintiff shall tender the appellate filing and docketing fee of $505.00 to the Clerk of Court in this District within **30 days** of the date of entry of this Order. Alternatively, he may reapply to the Seventh Circuit Court of Appeals for leave to proceed *in forma pauperis* on appeal.

Further, Plaintiff's Motion for a Transcript of the hearing held on February 24, 2020 (Doc. 69) at no cost to him is **DENIED**.

Finally, Plaintiff is **REMINDED** that he is under a continuing obligation to keep the Clerk of this Court informed of any change in his whereabouts during the pendency of this appeal. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATE:  April 10, 2020**

s/ *Staci M. Yandle*_____
**STACI M. YANDLE**
**UNITED STATES DISTRICT JUDGE**